**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

DIAMOND STONE FUNDING, INC.,

                         Plaintiffs,

             -against-

CHALDEAN ENTERPRISE, LLC, et al.,

                         Defendant.

-------------------------------------------------------------------X

|  |  |
|---|---|
|  | **REPORT &** |
|  | **RECOMMENDATION** |
|  |  |
|  | **22-CV-5638 (KPF) (JW)** |

**To the Honorable Katherine Polk Failla, United States District Judge:**

Plaintiff Diamond Stone Funding, Inc. ("Plaintiff") filed suit for breach of contract against Defendants Chaldean Enterprise, LLC and Furat Najah Alsaigh ("Defendants") alleging they materially breached the terms of the contract by interfering with Plaintiff's ability to collect the Receivables owed to Plaintiff under the contract.  Dkt. No. 1 at ¶¶ 6-10, 20.

Following the Court's entry of default judgment against Defendants on July 11, 2024, the Inquest After Default was referred to this Court on July 12, 2024.  Dkt. No. 45.  For the reasons stated below, this Court recommends the case be dismissed for failure to prosecute and no damages be awarded.

## I.    PROCEDURAL HISTORY

Plaintiff filed the instant Complaint in New York state court on June 4, 2022. Dkt. No. 1.  The case was removed to federal court on July 1, 2022. Id.  On January 19, 2024, counsel for Defendants moved to withdraw because Defendants failed to

pay counsel and refused to respond to emails regarding payment.  Dkt. Nos. 28-31. On April 5, 2024 the Court granted counsel for Defendants' motion to withdraw and admonished Defendants that if the corporate Defendant, Chaldean Enterprise LLC, does not retain new counsel, the Court would issue an Order of Default Judgment. Dkt. No. 39.  On June 4, 2024 Plaintiff moved for default judgment.  Dkt. No. 40.  On July 11, 2024, the Court granted Plaintiff's motion for default after Defendants failed to oppose Plaintiff's motion.  Dkt. No. 46.

On July 12, 2024 the Court amended the referral to this Court to include Inquest after Default.  Dkt. No. 45.  On March 18, 2025, this Court ordered Plaintiff to file (1) proposed findings of fact and conclusions of law; and (2) an inquest memorandum of law, accompanied by supporting affidavits and exhibits, setting forth proof of their damages by May 9, 2025.  Plaintiff did not file any post-default inquest submissions.  On October 16, 2025, this Court ordered Plaintiff to submit a letter to the Court by October 31, 2025 at 5:00 PM to show cause as to why the Court should not recommend no damages be awarded.  Dkt. No. 49.

On October 30, 2025, Plaintiff filed a letter asking the Court not to issue an Order awarding no damages because Diamond Stone Funding Inc. underwent a change in ownership and new counsel was assigned to the case and missed the filing deadline. Dkt. No. 50.  With the letter, Plaintiff attached a declaration of Lazer Sternhell, an Officer of Diamond Stone Funding LLC, a calculation of damages, and the Receivables Purchase Agreement between Plaintiff and Defendants.  Id.  The Court again on October 31, 2025 ordered Plaintiff to file (1) proposed findings of fact

2

and conclusions of law; and (2) an inquest memorandum of law, accompanied by supporting affidavits and exhibits, setting forth proof of their damages by November 28, 2025.  Dkt. No. 51.  Plaintiff failed to comply with the Court's Order and to date has not filed anything further.

## II.    LEGAL STANDARD

### A. Inquest After Default

After a default judgment is entered by a court, the court "must determine, as a matter of law, whether plaintiff's allegations establish the defendant's liability. Elevation Health, LLC v. Sun Grp. Partners LLC, No. 22 Civ. 10155 (PAE) (VF), 2025 WL 763983, at *2 (S.D.N.Y. Jan. 31, 2025) (citing Yi Feng Leather Int'l LTD v. Tribeca Design Showroom, LLC, No. 17 Civ. 5195 (AJN), 2019 WL 4744620, at * 1 (S.D.N.Y. Sept. 30, 2019).  If the court does not find that the complaint states a claim on which relief may be granted, the court may decline to award damages.  Lopez v. Emerald Staffing, Inc., No. 18 Civ. 2788, 2020 WL 915821, at *4 (S.D.N.Y. Feb. 26, 2020).

"If the Court finds that the well-pleaded allegations establish liability, the Court then analyzes 'whether plaintiff has provided adequate support for his requested relief.'" Id.  The Plaintiff "bears the burden of establishing its entitlement to recovery and thus must substantiate its claim with evidence to prove the extent of damages." Dunn v. Advanced Credit Recovery, No. 11 Civ. 4023 (PAE) (JLC), 2012 WL 676350, at *2 (S.D.N.Y. Mar. 1, 2012).  To establish damages, Plaintiff must submit admissible evidence.  Lopez, 2020 WL 915821, at *5.  The Court may hold a hearing to determine the amount of damages but need not if the documents Plaintiff

3

submitted "provide a 'sufficient basis from which to evaluate the fairness of' the requested damages…" Elevation Health, 2025 WL 763983, at *2.

### B. Failure to Prosecute

Federal Rule of Civil Procedure 41(b) permits a court to *sua sponte* dismiss an action.  See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). Federal courts are vested with the authority to dismiss an action because of a plaintiff's failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 251 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." Drake, 375 F.3d at 251.

In determining whether dismissal is appropriate, the Court must consider five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that the failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing the docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  Reyes v. Commissioner of Social Security, No. 24 Civ. 8423 (SN), 2024 WL 4504519, at *1 (S.D.N.Y. Oct. 16, 2024) (citing Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014).

4

No one factor is dispositive and the Court is not required to address each factor in a written decision. Id.

## III.   DISCUSSION

All five factors weigh in favor of dismissal of Plaintiff's Complaint: (1) Plaintiff's inquest submission was first due on May 9, 2025. After allowing Plaintiff a second chance on October 31, 2025, Plaintiff was given another month to comply with the Court's Order. For nearly a year Plaintiff has failed to comply with two of the Court's Orders to file inquest submissions; (2) Plaintiff was warned by an Order to Show Cause dated October 16. 2025 that failure to comply would result in a recommendation of no damages; (3) Defendants would be prejudiced by an Order awarding damages without a proper basis; (4) Plaintiff has been provided with ample time to be heard and has chosen to be silent, so the Court's interest in managing its docket outweighs Plaintiff's interest at this point; and (5) the Court has considered other sanctions and concluded that, given the posture of this case, post default judgement, dismissal is the most appropriate sanction.

Accordingly, this Court recommends this action be dismissed for failure to prosecute and no damages be awarded. See Siliki v. Linn, No. 21 Civ. 8162 (KPF) (OTW), 2023 WL 9016454, at *2 (S.D.N.Y. Dec. 29, 2023) (adopting an R&R recommending dismissal for failure to prosecute because Plaintiff failed to file inquest submissions).

### IV.    FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the Parties shall have fourteen days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections shall be filed with the Clerk of Court and on ECF.  Any requests for an extension of time for filing objections must be directed to Judge Failla.  **Failure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review**.  See Thomas v. Arn, 474 U.S. 140 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

SO ORDERED.

DATED:    New York, New York
          March 19, 2026

_____
JENNIFER E. WILLIS
United States Magistrate Judge

6