UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIAMOND STONE FUNDING, INC.,

                  Plaintiff,

        -v.-

CHALDEAN ENTERPRISE, LLC, *doing business as* SPEEDY WENDY, and FURAT NAJAH ALSAIGH

                 Defendants.

22 Civ. 5638 (KPF) (JW)

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

KATHERINE POLK FAILLA, District Judge:

Pending before the Court is the March 19, 2026 Report and Recommendation issued by Magistrate Judge Jennifer E. Willis (Dkt. #52 (the "Report")), addressing the motion of Diamond Stone Funding, Inc. ("Plaintiff") for default pursuant to Federal Rule of Civil Procedure 55(b)(2). In the Report, Judge Willis recommends that this Court dismiss the action for failure to prosecute and award no damages. (Report 5). The Court has examined the Report and notes that no party has filed an objection within the fourteen-day period from its service provided for by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). For the reasons that follow, the Court finds no error in the Report and adopts it in its entirety.

## BACKGROUND

The Court sets forth an overview of the relevant facts in this case, drawing from the Report — which is attached at the end of this Opinion — and entries in the public docket. In particular, the Court focuses on the procedural history given its importance to the disposition of this case.

Plaintiff commenced this action by suing Chaldean Enterprise, LLC ("Corporate Defendant") and Furat Najah Alsaigh ("Individual Defendant," and together with Corporate Defendant, "Defendants") in New York state court, principally alleging breach of contract regarding a Standard Merchant Cash Advance Agreement among the parties. (Dkt. #1-1). Defendants removed the case to this Court on July 1, 2022 (Dkt. #1) and filed an answer on July 8, 2022 (Dkt. #3).

On January 19, 2023, at the parties' joint request, the Court referred the case to Judge Willis for a settlement conference. (Dkt. #14, 15). Judge Willis scheduled that conference to take place on March 13, 2023, but "Plaintiff was over an hour late," and neither side complied with the rules set forth in Judge Willis's Standing Order for All Cases Referred for Settlement. (Dkt. #21). Although the parties thereafter reiterated their interest in holding a settlement conference before Judge Willis (Dkt. #23), on January 19, 2024, Defendants' counsel moved to withdraw (Dkt. #28-31). This Court granted counsel's motion to withdraw and advised Defendants that if they did not retain new counsel, the Court would assume that Individual Defendant was proceeding *pro se*, and that it would consider Corporate Defendant in default. (Dkt. #39).

On June 4, 2024, Plaintiff moved for default judgment. (Dkt. #40). On July 11, 2024, the Court granted Plaintiff's motion for default after Defendants failed to oppose Plaintiff's motion. (Dkt. #46 at 7 ("I am entering a default judgment with respect to liability with respect to the two defendants here."); *see also* Dkt. #41 (advising Individual Defendant that his *pro se* status "does

2

not relieve [him] of his obligations to appear in this action or comply with Court orders")).

On July 12, 2024, the Court amended the referral to Judge Willis to include Inquest after Default. (Dkt. #45). On March 18, 2025, Judge Willis ordered Plaintiff to file (i) proposed findings of fact and conclusions of law and (ii) an inquest memorandum of law, accompanied by supporting affidavits and exhibits, setting forth proof of their damages on or before May 9, 2025. (Dkt. #48). But Plaintiff did not file any post-default inquest submissions. (Report 2). As a result, on October 16, 2025, Judge Willis ordered Plaintiff to show cause in writing on or before October 31, 2025, as to why she should not recommend that this Court award Plaintiff no damages. (Dkt. #49; *see also id.* ("If the Court does not receive any communication from Plaintiff by October 31, 2025 showing good cause, the Court will recommend no damages.")).

On October 30, 2025, Plaintiff responded to the Order to Show Cause. (Dkt. #50). In its letter asking Judge Willis not to award it no damages, Plaintiff explained that it had undergone a change in ownership and retained new counsel. (*Id.*). Those transitions, Plaintiff said, caused it to miss the filing deadline. (*Id.*). Plaintiff also attached to this letter a declaration of one of its officers, a calculation of damages, and the Receivables Purchase Agreement between Plaintiff and Defendants. (Dkt. #50-1 to -3).

On October 31, 2025, Judge Willis issued another Order again directing Plaintiff to file (i) proposed findings of fact and conclusions of law and (ii) an inquest memorandum of law, accompanied by supporting affidavits and

3

exhibits, setting forth proof of their damages on or before November 28, 2025. (Dkt. #51).  Judge Willis warned Plaintiff:  "Any further missed deadlines by Plaintiff will result in a recommendation of no damages."  (*Id.*).  Despite this second chance, Plaintiff did not comply with this Order and has not filed anything on the docket since its October 30, 2025 response to the Order to Show Cause.

Accordingly, in light of Plaintiff's repeated failure to engage with this case, on March 19, 2026, Judge Willis issued her Report recommending that this Court dismiss the case for failure to prosecute and award no damages. (Report 5).  The Report advised that the parties had fourteen days from service of the Report to file written objections and that failure to file objections within fourteen days would result in waiver of those objections and preclude appellate review.  (*Id.* at 6).  To date, neither party has filed objections to the Report (nor any other submissions, for that matter).

## DISCUSSION

When reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "To accept those portions of the report to which no timely objection has been made, ... a district court need only satisfy itself that there is no clear error on the face of the record."  *Herrara* v. *12 Water St. Gourmet Cafe, Ltd.*, No. 13 Civ. 4370 (JMF), 2016 WL 1268266, at *1 (S.D.N.Y. Mar. 31, 2016).  A magistrate judge's decision is clearly erroneous only if the district court is "left with the

4

definite and firm conviction that a mistake has been committed." *Easley* v. *Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States* v. *U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A party's failure to object to a report and recommendation, after receiving clear notice of the consequences of such a failure, operates as a waiver of the party's right both to object to the report and recommendation and to obtain appellate review." *Grady* v. *Conway*, No. 11 Civ. 7277 (KPF) (FM), 2015 WL 5008463, at *3 (S.D.N.Y. Aug. 24, 2015) (citing, among other cases, *Frank* v. *Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)).

Judge Willis issued her Report on March 19, 2026, and objections were due on April 2, 2026. Because neither party has submitted objections to the Report, the Court reviews for clear error. *See Phillips* v. *Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013). The Court has reviewed the Report and finds that its reasoning is sound and that it is grounded in fact and in law. More specifically, the Court agrees with Judge Willis's ultimate conclusion that this case should be dismissed for failure to prosecute and no damages awarded. (*See* Report 5). Having reviewed the record, the Court finds no clear error and adopts the Report in its entirety.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report in its entirety and dismisses this action for failure to prosecute and failure to comply with numerous court orders. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:      April 13, 2026
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

DIAMOND STONE FUNDING, INC.,

                                Plaintiffs,

-against-

CHALDEAN ENTERPRISE, LLC, et al.,

                                Defendant.

------------------------------------------------------------X

**REPORT &
RECOMMENDATION**

**22-CV-5638 (KPF) (JW)**

**To the Honorable Katherine Polk Failla, United States District Judge:**

Plaintiff Diamond Stone Funding, Inc. ("Plaintiff") filed suit for breach of contract against Defendants Chaldean Enterprise, LLC and Furat Najah Alsaigh ("Defendants") alleging they materially breached the terms of the contract by interfering with Plaintiff's ability to collect the Receivables owed to Plaintiff under the contract.  Dkt. No. 1 at ¶¶ 6-10, 20.

Following the Court's entry of default judgment against Defendants on July 11, 2024, the Inquest After Default was referred to this Court on July 12, 2024.  Dkt. No. 45.  For the reasons stated below, this Court recommends the case be dismissed for failure to prosecute and no damages be awarded.

## I.    PROCEDURAL HISTORY

Plaintiff filed the instant Complaint in New York state court on June 4, 2022. Dkt. No. 1.  The case was removed to federal court on July 1, 2022. Id.  On January 19, 2024, counsel for Defendants moved to withdraw because Defendants failed to

pay counsel and refused to respond to emails regarding payment. Dkt. Nos. 28-31. On April 5, 2024 the Court granted counsel for Defendants' motion to withdraw and admonished Defendants that if the corporate Defendant, Chaldean Enterprise LLC, does not retain new counsel, the Court would issue an Order of Default Judgment. Dkt. No. 39. On June 4, 2024 Plaintiff moved for default judgment. Dkt. No. 40. On July 11, 2024, the Court granted Plaintiff's motion for default after Defendants failed to oppose Plaintiff's motion. Dkt. No. 46.

On July 12, 2024 the Court amended the referral to this Court to include Inquest after Default. Dkt. No. 45. On March 18, 2025, this Court ordered Plaintiff to file (1) proposed findings of fact and conclusions of law; and (2) an inquest memorandum of law, accompanied by supporting affidavits and exhibits, setting forth proof of their damages by May 9, 2025. Plaintiff did not file any post-default inquest submissions. On October 16, 2025, this Court ordered Plaintiff to submit a letter to the Court by October 31, 2025 at 5:00 PM to show cause as to why the Court should not recommend no damages be awarded. Dkt. No. 49.

On October 30, 2025, Plaintiff filed a letter asking the Court not to issue an Order awarding no damages because Diamond Stone Funding Inc. underwent a change in ownership and new counsel was assigned to the case and missed the filing deadline. Dkt. No. 50. With the letter, Plaintiff attached a declaration of Lazer Sternhell, an Officer of Diamond Stone Funding LLC, a calculation of damages, and the Receivables Purchase Agreement between Plaintiff and Defendants. Id. The Court again on October 31, 2025 ordered Plaintiff to file (1) proposed findings of fact

2

and conclusions of law; and (2) an inquest memorandum of law, accompanied by supporting affidavits and exhibits, setting forth proof of their damages by November 28, 2025. Dkt. No. 51. Plaintiff failed to comply with the Court's Order and to date has not filed anything further.

## II.    LEGAL STANDARD

### A. Inquest After Default

After a default judgment is entered by a court, the court "must determine, as a matter of law, whether plaintiff's allegations establish the defendant's liability. Elevation Health, LLC v. Sun Grp. Partners LLC, No. 22 Civ. 10155 (PAE) (VF), 2025 WL 763983, at *2 (S.D.N.Y. Jan. 31, 2025) (citing Yi Feng Leather Int'l LTD v. Tribeca Design Showroom, LLC, No. 17 Civ. 5195 (AJN), 2019 WL 4744620, at * 1 (S.D.N.Y. Sept. 30, 2019). If the court does not find that the complaint states a claim on which relief may be granted, the court may decline to award damages. Lopez v. Emerald Staffing, Inc., No. 18 Civ. 2788, 2020 WL 915821, at *4 (S.D.N.Y. Feb. 26, 2020).

"If the Court finds that the well-pleaded allegations establish liability, the Court then analyzes 'whether plaintiff has provided adequate support for his requested relief.'" Id. The Plaintiff "bears the burden of establishing its entitlement to recovery and thus must substantiate its claim with evidence to prove the extent of damages." Dunn v. Advanced Credit Recovery, No. 11 Civ. 4023 (PAE) (JLC), 2012 WL 676350, at *2 (S.D.N.Y. Mar. 1, 2012). To establish damages, Plaintiff must submit admissible evidence. Lopez, 2020 WL 915821, at *5. The Court may hold a hearing to determine the amount of damages but need not if the documents Plaintiff

3

submitted "provide a 'sufficient basis from which to evaluate the fairness of' the requested damages…" <u>Elevation Health</u>, 2025 WL 763983, at \*2.

### B. Failure to Prosecute

Federal Rule of Civil Procedure 41(b) permits a court to *sua sponte* dismiss an action.  <u>See</u> <u>LeSane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206, 209 (2d Cir. 2001). Federal courts are vested with the authority to dismiss an action because of a plaintiff's failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30 (1962); <u>see</u> <u>also</u> <u>United States ex rel. Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 251 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." <u>Drake</u>, 375 F.3d at 251.

In determining whether dismissal is appropriate, the Court must consider five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that the failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing the docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."    <u>Reyes v. Commissioner of Social Security</u>, No. 24 Civ. 8423 (SN), 2024 WL 4504519, at \*1 (S.D.N.Y. Oct. 16, 2024) (citing <u>Baptiste v. Sommers</u>, 768 F.3d 212, 216 (2d Cir. 2014).

4

No one factor is dispositive and the Court is not required to address each factor in a written decision. <u>Id.</u>

### III.    DISCUSSION

All five factors weigh in favor of dismissal of Plaintiff's Complaint: (1) Plaintiff's inquest submission was first due on May 9, 2025. After allowing Plaintiff a second chance on October 31, 2025, Plaintiff was given another month to comply with the Court's Order. For nearly a year Plaintiff has failed to comply with two of the Court's Orders to file inquest submissions; (2) Plaintiff was warned by an Order to Show Cause dated October 16. 2025 that failure to comply would result in a recommendation of no damages; (3) Defendants would be prejudiced by an Order awarding damages without a proper basis; (4) Plaintiff has been provided with ample time to be heard and has chosen to be silent, so the Court's interest in managing its docket outweighs Plaintiff's interest at this point; and (5) the Court has considered other sanctions and concluded that, given the posture of this case, post default judgement, dismissal is the most appropriate sanction.

Accordingly, this Court recommends this action be dismissed for failure to prosecute and no damages be awarded. <u>See</u> <u>Siliki v. Linn</u>, No. 21 Civ. 8162 (KPF) (OTW), 2023 WL 9016454, at *2 (S.D.N.Y. Dec. 29, 2023) (adopting an R&R recommending dismissal for failure to prosecute because Plaintiff failed to file inquest submissions).

5

## IV.   FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the Parties shall have fourteen days from service of this Report to file written objections.  <u>See also</u> Fed. R. Civ. P. 6.  Such objections, and any responses to objections shall be filed with the Clerk of Court and on ECF.  Any requests for an extension of time for filing objections must be directed to Judge Failla.  **Failure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review**.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Cephas v. Nash</u>, 328 F.3d 98, 107 (2d Cir. 2003).

SO ORDERED.

DATED:     New York, New York
           March 19, 2026

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge

6