UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

---

Diamond Stone Funding, Inc.,

                Plaintiff,

-against-

Chaldean Enterprise, LLC d/b/a Speedy
Weedy; and Furat Najah Alsaigh,

                Defendants.

Case No. 22-cv-05638 (KPF) (JW)

**NOTICE OF MOTION TO VACATE
ORDER OF DISMISSAL AND
JUDGMENT PURSUANT TO
FED. R. CIV. P. 60(b)**

---

<u>**PLAINTIFF'S NOTICE OF MOTION TO VACATE ORDER OF DISMISSAL AND
JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**</u>

**PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law, the

Declaration of Eric Stern, Esq., dated April 30, 2026, and the exhibits annexed thereto, and upon

all prior pleadings and proceedings had herein, Plaintiff Diamond Stone Funding, Inc. ("Plaintiff"

or "Diamond Stone") will move this Court, before the Honorable Katherine Polk Failla, United

States District Judge, at the Thurgood Marshall United States Courthouse, 40 Foley Square, New

York, New York 10007, on a date and at a time to be designated by the Court, for an Order pursuant

to Fed Rules Civ Pro rule 60[b]:

1. Vacating this Court's Opinion and Order dated April 13, 2026 (Dkt. No. 53) adopting the Report and Recommendation of Magistrate Judge Jennifer E. Willis dated March 19, 2026 (Dkt. No. 52), which dismissed this action for failure to prosecute and awarded no damages;

2. Reinstating this action and the Court's prior entry of default judgment as to liability against Defendants Chaldean Enterprise, LLC d/b/a Speedy Weedy and Furat Najah Alsaigh (Dkt. No. 46);

3. Re-referring the matter to Magistrate Judge Willis for an inquest on damages, and

permitting Plaintiff to file its proposed findings of fact, conclusions of law, and inquest memorandum with supporting affidavits and exhibits within fourteen (14) days of the Court's order, or on such schedule as the Court directs; and

4.    Granting such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Civil Rule 6.1(b), any opposition papers must be served within fourteen (14) days after service of these moving papers, and any reply papers must be served within seven (7) days after service of the opposition.

Dated: New York, New York
        April 30, 2026

Respectfully submitted,

**STERN LAW GROUP**

By:    Eric R. Stern, Esq.
*Attorneys for Plaintiff*
3 Columbus Circle, 15th Floor
New York, New York 10019
Tel.: (212) 627-9930
Cell: (917) 741-3025
EStern@SternLawGroup.com

Application DENIED.

The Court has reviewed Plaintiff's above motion to vacate the Order of Dismissal and supporting papers (Dkt. #54-56).  The Court extends its condolences to counsel for his loss and congratulates counsel on his daughter's wedding.  But the Court does not find that Plaintiff has demonstrated "excusable neglect" justifying vacatur of the Dismissal Order, nor does it find "any other reason that justifies relief."  *See* Fed. R. Civ. P. 60(b)(1), (6).

In particular, after Plaintiff showed cause on October 30, 2025, why Judge Willis should not recommend that this Court award no damages, Judge Willis issued an Order directing Plaintiff to file certain documents by November 28, 2025.  (Dkt. #50-51).  Not only did Plaintiff fail to meet this deadline, but for the next five months, Plaintiff did not file anything on the docket or engage with this case at all.  Nearly four months after Judge Willis's November 28, 2025 deadline passed, she issued a Report and Recommendation on March 19, 2026, recommending that this Court dismiss the case for failure to prosecute and award no damages.  (Dkt. #52).  This Court waited three more weeks before issuing an Opinion on April 13, 2026, adopting the Report and Recommendation in full.  (Dkt. #53). Plaintiff could have engaged with the case at any point during these nearly five months between the passing of the November 28, 2025 deadline and the Court's April 13, 2026 Opinion.  A brief delay after the November 28, 2025 deadline might have been excusable and understandable, especially in light of counsel's proffered reasons for delay.  But at some point in the almost half year between the November 28, 2025 deadline and the Court's entry of its Dismissal Order, Plaintiff should have realized there was a pending case it had not attended to -- especially, the Court would think, after it received notice of Judge Willis's Report and Recommendation.

The Court is sympathetic to counsel's family circumstances and obligations, as well as the challenges of being a solo practitioner, but it does not find that such reasons excuse Plaintiff's neglect in prosecuting this case.  *See* Fed. R. Civ. P. 60(b)(1).  Of the four factors identified by the Supreme Court in *Pioneer Investment Services Co.* v. *Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), and discussed in Plaintiff's motion (*see* Dkt. #55 at 6-7), the Second Circuit tends to focus on the third: "the reason for the delay, including whether it was within the reasonable control of the movant."  *Silivanch* v. *Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Investment*, 507 U.S. at 395).  Plaintiff's motion also focuses on this factor.  (Dkt. #55 at 8).  The Second Circuit has further "noted that the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule and held that where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test."  *Silivanch*, 333 F.3d at 366-67 (alterations adopted and internal quotation marks and citation omitted).

Just so here.  As set forth in the Court's Opinion, Plaintiff failed to follow clear warnings from Judge Willis that "[a]ny further missed deadlines by Plaintiff will result in a recommendation of no damages."  (Dkt. #53 (quoting Dkt. #51)).  Although family tragedy is arguably not within the reasonable control of Plaintiff or its counsel, Plaintiff's failure to act for almost five months after certainly is.

Thus, for these reasons, the Court DENIES Plaintiff's motion to vacate.

The Clerk of Court is directed to terminate the pending motion at docket entry 54.

Dated:    May 1, 2026            SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE